FILED '10 MAR 11 0821 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

STEVEN C. WILLIAMS,

               Petitioner,           Civil No. 09-1222-HO

          v.                    ORDER

J.E. THOMAS,

               Respondent.

HOGAN, District Judge.

     Petitioner, a federal inmate in the custody of the BOP, filed a petition under 28 U.S.C. § 2241 seeking to challenge his participation in the BOP's Inmate Financial Responsibility Program (IFRP) as a violation of the Mandatory Victims Restitution Act of 1996 (MVRA), 18 U.S.C. §§ 3663A-3664.  The MVRA provides that a sentencing court shall "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid...." Id, at § 3664(f)(2).  The MVRA does not speak to fines or special assessments.  Petitioner is currently making payments through the IFRP only against his special assessment, and not against

1 - ORDER

his restitution order.

Respondent moves to dismiss on the ground that petitioner has not exhausted administrative remedies with respect to his claims and for lack of jurisdiction. Motion to Dismiss (#8). Exhaustion of administrative remedies: It is well settled that federal prisoners are required to exhaust all available administrative remedies prior to bringing a petition for writ of habeas corpus. Terrell v. Brewer, 935 F.2d 1015 (9th Cir. 1991); Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1986). "When a statute requires exhaustion, a petitioner's failure to do so deprives this court of jurisdiction." El Rescate Legal Services Inc., v. Executive Office of Immigration Review, 959 F.2d 742, 746 (9th Cir. 1991)(citing Reid v. Engen, 765 F.2d 1457, 1462 (9th Cir. 1985).

The Prison Litigation Reform Act, unequivocally mandates exhaustion of administrative remedies whenever an "action is brought with respect to prison conditions under section 1983 ... or any other Federal Law ...." 42 U.S.C. § 1997e(a); Porter v. Nussle, 532 U.S. 731 (2001); Booth v. Churner, 532 U.S. 731 (2001); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "The Supreme Court has emphasized that the exhaustion requirement in the PLRA means what it says. Specifically, 'exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just suits under § 1983.'" O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1061 (9th Cir. 2007), quoting Woodford v. Ngo, 548

U.S. 81, 85 (2006).

Petitioner in this case is challenging the withholding of certain privileges as the result of his failure to participate in the IFRP. Therefore, the petition concerns "prison conditions" and exhaustion of administrative remedies is required.

The Bureau of Prisons has established an administrative remedy procedure which through an inmate may seek formal review of any complaint regarding any aspect of his imprisonment. In order to exhaust appeals under the procedure, an inmate must assert his claim first to the Warden of the institution where he is confined; he may appeal an adverse decision to the Regional Director and Central Office of the Federal Bureau of Prisons. See, 28 C.F.R. § 542 et seq. No administrative appeal is considered to have been exhausted until a decision is reached on the merits by the Bureau of Prisons' Central Office.

In this case, petitioner has not exhausted his administrative remedies. See, Vickers Declaration at 3-4. In fact, he has not even begun the three level administrative remedy process. Id.

Ripeness: Petitioner alleges that the BOP is violating the MVRA and the Ninth Circuit's decision in United States v. Gunning, 401 F.3d 1145 (9th Cir. 2005) ("Gunning II"), by conditioning his ability to receive the benefits of the IFRP program on his compliance with a BOP-developed IFRP payment

plan.  Petitioner challenge has been foreclosed by the Ninth Circuit's decision in United States v. Lemoine, 546 F.3d 1042, 1046 (9th Cir. 2008), which held that the BOP's IFRP is an independent, voluntary rehabilitation program, the operation of which does not conflict with the MVRA or Gunning II.

However, it is not necessary to address the merits of petitioner's claim because it is not ripe for review. The MVRA provides that a sentencing court shall "specify in the restitution order the manner in which, and the schedule according to which restitution is to be paid...." 18 U.S.C. § 3664(f)(2).  It does not create a similar requirement for the payment of fines or special assessments.  18 U.S.C. § 3664. Nor did Gunning II set any limit on the use of the IFRP to collect fine and assessment payments.

The Ninth Circuit has made a strong distinction between the collection of fines and the collection of restitution. See, Montano-Figueroa v. Crabtree, 162 F.3d 548 (9th Cir. 1998) (per curiam); see also United States v. Gunning, 339 F.3d 948, 949 (9th Cir. 2003) (Gunning I) and Gunning II, 401 F.3d at 1150 (stating specifically that the MVRA "does not speak to fines at all.").

Article III of the United States Constitution limits federal courts to deciding "cases" and "controversies." Allen v. Wright, 468 U.S. 737, 750 (1984).  To meet this requirement, courts must consider the interrelated doctrines of standing and ripeness. Id. at 750; Bova v. City of Medford,

564 F.3d 1093, 1095-96 (9th Cir. 2009).

To establish standing, petitioner must allege a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.." Allen, 468 U.S. at 751.  Petitioner must demonstrate that he has suffered an injury in fact, "an invasion of a legally protected interest which is (a) concrete and particularized, and (2) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal quotations omitted); Coalition of Clergy, Lawyers & Professors v. Bush, 310 F.3d 1153, 1157 (9th Cir. 2002).

"While standing is primarily concerned with *who* is a proper party to litigate a particular matter, ripeness addresses *when* litigation may occur." Bova, 564 F.3d at 1096, quoting Lee v. Oregon, 107 F.3d 1382, 1387 (9 [th] Cir. 1997). To meet the ripeness standard, petitioner must demonstrate a specific present harm, or the threat of specific future harm. Laird v. Tatum, 408 U.S. 1, 14 (1972). A claim is not ripe for adjudication if it rests upon some contingent future event. Texas v. United States, 523 U.S. 296, 300 (1998); Bova, 564 F.3d at 1093. The ripeness doctrine seeks "to prevent the courts, through avoidance of premature litigation, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the

challenging parties." <u>Abbott Labs v. Gardner</u>, 387 U.S. 136, 148-149 (1967), *overruled on other grounds*, <u>Califano v. Sanders</u>, 430 U.S. 99 (1972).   In evaluating ripeness, the court must consider the "fitness of the issues for review and the hardship to the parties of withholding consideration." <u>id</u>.; <u>see also</u>, <u>Toilet Goods Ass'n v. Gardner</u>, 387 U.S. 158 (1967); <u>Municipality of Anchorage v. United States</u>, 980 F.2d 1320, 1323 (9th Cir. 1992).

Petitioner was ordered to pay a $500 special assessment. He has an IFRP payment schedule of $30 per quarter.   Vickers Declaration, Exhibit B.   In accordance with 28 C.F.R. § 545.11 and BOP Program Statement 5380.08, the BOP is applying Petitioner's IFRP payments to his special assessment first. Since his enrollment in the program in 2009, petitioner has made two $30 payment. <u>Id</u>.   At petitioner's current payment rate, he will not complete payment of his special assessment until the third quarter of 2013, a few months before his projected release date.   Because an inmate's financial plan is subject to change during the period of incarceration, it cannot be said with certainty that petitioner will have his current IFRP payment plan throughout the term of his federal imprisonment.

Because petitioner has not made any payment toward his restitution obligation through the IFRP, and because it is uncertain whether he will do so during the term of his incarceration, Petitioner's claim under the MVRA and Gunning

II is not ripe for review.

Based on all of the foregoing, respondent's Motion to Dismiss (#8) is allowed. Petitioner's Petition (#2) is denied without prejudice[1] on the ground that petitioner has not exhausted administrative remedies with respect to his claims and for lack of jurisdiction. This proceeding is dismissed.

IT IS SO ORDERED

DATED this 3rd day of March, 2010.

Michael R. Hogan
United State District Judge

---

[1]If the court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003).